ELLIS, Judge.
Plaintiff Robert Lee Johnston is seeking workmen’s compensation benefits for permanent and total disability because of injuries suffered on February 14, 1967, in an accident while in the course and scope of his employment as a pipefitter-welder for Arthur G. McKee & Company, one of the defendants herein. About' ten months before the above accident, plaintiff had been injured while in the employ of another company. As a result of that accident, he was operated on for a herniated disc by Dr. Joseph Edelman, a neurosurgeon, on December 5, 1966. On the day before the second accident, Dr. Edelman had recommended that plaintiff go back to work on a light duty basis. On the next day, he stepped into a hole and hurt his back again. He was again seen by Dr. Edelman who eventually diagnosed another herniated disc and performed another operation on April 17, 1967. On this occasion, it was found that plaintiff had two herniated discs and these were removed. On June 5, 1967, Dr. Edelman once again released plaintiff to go back to work on light duty. Dr. Edel-man saw plaintiff for the last time on July 25, 1967. At that time, he was of the opinion that plaintiff was able to perform the duties of a pipefitter-welder except that he was unable to lift heavy weights or do any extensive climbing. He was also of the opinion that on June 5, 1967, plaintiff was in approximately the same condition he was on February 13, 1967. He expressed the opinion that plaintiff’s disability' was due entirely to the second accident. As of the time of the trial, in December, 1968, Dr. Edelman was unwilling to give any estimate as to the extent of plaintiff’s disabilities since he had not seen him since July 25, 1967.
On July 31, 1967, while visiting in Jackson, Mississippi, plaintiff experienced some further difficulty and at that time was seen by Dr. Orlando Andy, a neurosurgeon, who examined him and treated him at that time, and again in September, 1967. He was of the opinion that plaintiff had a recurrent herniated disc in the lumbar area, and further felt that there was a possible ruptured disc in the cervical area. He estimated that plaintiff’s disability was 100%. He felt that 10% of this disability was due to the first accident, and 90% to the second accident.
The only other physician to testify was Dr. Richard Berthelot, a general practitioner who saw Johnston in July and August, 1967, for pain in his neck and back. He did not believe plaintiff could work as a pipefitter because of his condition.
The plaintiff testified that since June, 1967, he had worked intermittently, that he was unable to do any heavy lifting or climbing, that he was unable to work in cramped places as well as he could in other areas, that he could not work in a bent over position for too long a period of time, and that he was subject to bouts of nervousness. He testified that he was forced to take time off occasionally because of the pain resulting from his condition. The record shows that heavy lifting and climbing form a substantial part of the duties of a pipefitter-welder.
The trial court found that plaintiff was permanently and totally disabled as a matter of law, and that 10% of the disability resulted from the first accident and 90% from the second. He awarded 400 weeks compensation at a rate of 90% of $35.00, or $31.50 per week, subject to credit for payments previously made, but denied the prayer for penalties and attorney’s fees. *120 From that judgment, defendants have appealed, and plaintiff has answered the appeal, asking for compensation at the maximum rate, and for penalties and attorney’s fees.
Defendants claim that, since Dr. Edelman found that plaintiff’s work capability was substantially the same in June, 1967, as it was in February, 1967, before the second accident, there is no disability resulting from the second accident. They claim the test to be applied is “whether the injured workman can do and perform the same or similar work to that which he was performing at the time of the accident”, and cite a number of cases in support thereof. We do not find that test to be applicable in this situation. The proper test is whether he is able to do “work of the same character as that which his training, education, and experience qualify him to perform, without unusual difficulty or danger”. The rule applies to “a skilled worker who cannot perform a substantial portion of the work incident to his special occupation”. Neither is it contemplated that one must work in pain, or when it will materially increase the hazard to his health and safety or that of his fellow workers. Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969).
We agree with the trial judge that plaintiff can no longer perform a sub? stantial part of his duties as a pipefitter-welder, and further find that he is working in pain. Further, Dr. Edelman was of the opinion that all of plaintiff’s complaints resulted from the second accident, and Dr. Andy testified that the second accident caused 90% of the disability. It is apparent that plaintiff is suffering from disability from the second accident which exists regardless of the first accident. His condition as a result of the first accident may have made him more susceptible to injury, but this is of no moment. Our jurisprudence is that an employer takes the employee as he finds him. See Lum v. Employers Mut. Liability Ins. Co. of Wis., 216 So.2d 889 (La.App. 2 Cir. 1968) and cases cited therein.
It is further claimed that, since plaintiff’s main complaints in his back are on the opposite side from the protrusions of the intervertebral discs found during the second operation, they could not result from the second accident, but must be related to the first, in which the protrusion was on the same side as these complaints. To so hold, we would have to contradict the testimony of the medical experts in the case, which stands unrefuted in the record. If what defendants claim is true, they should have been able to prove it by competent medical testimony. They failed to offer any evidence whatsoever on that point.
Defendants’ final claim is that the visits to Drs. Andy and Berthelot were not for complaints related to the second accident and there should be no liability on defendants’ part for their bills. We do not find this contention to be borne out by the record. Both of the doctors related his complaints to the accident.
Plaintiff’s answer puts at issue the amount of compensation awarded. As pointed out above, the judge, on the basis of Dr. Andy’s testimony, awarded 90% of the appropriate rate of compensation. After reviewing the record, we find we are not in agreement with this part of the judgment. Dr. Edelman was the treating physician, and was more familiar with plaintiff than was Dr. Andy, who saw him on only two occasions, both after the second operation. Dr. Edelman attributed plaintiff’s difficulties entirely to the second accident, and we find his opinion to be more persuasive. Since we are of the opinion that plaintiff is entitled to full compensation, we need not consider defendants’ contention that the trial judge found partial rather than total permanent disability.
Plaintiff’s prayer for penalties and attorney’s fees was properly denied. The record reflects that payments to plaintiff were suspended by defendant at the request *121 of plaintiff’s attorney, so that a settlement of the claim might he reached. At that time, June, 1967, plaintiff had returned to work. The trial judge felt that there existed, at that time, a genuine dispute as to plaintiff’s condition, and that no penalties were due. We believe this finding to he correct, under the circumstances existing at that time.
The judgment appealed from is amended by increasing the amount of the payments from $31.50 to $35.00 per week, and, as amended, it is affirmed, at defendants’ cost.
Amended and affirmed.