LOTTINGER, Judge.
This is a suit for Workmen’s Compensation benefits. The petitioner is J. T. Allen and defendant is Freiler Industries, Inc. The Lower Court awarded a judgment in favor of petitioner and against defendant in the sum of $35.00 per week from November 11, 1965, to and including January 11, 1966, together with legal interest on each past due payment until paid, together with medical bills amounting to $406.04 with legal interest thereon from date of judicial demand until paid. The defendant has filed this appeal and the petitioner has answered the appeal seeking an increase in quantum.
Petitioner claims to have suffered an accident while unloading a truckload of poles at Mississippi Electric Company at Blythe-ville, Arkansas, while working in the employ of defendant. The alleged accident occurred on August 24, 1964. While picking up one of the poles, petitioner claims that the accident occurred and that he immediately sustained severe pain in his back. He sat down and rested for a few minutes and then continued in his operations, drove the truck back to his home base at Amite, Louisiana.
The petitioner claims that that night he informed his wife of his injury and that he was in a great deal of pain, and that same afternoon of the accident he informed a fellow driver, Doris Thomas, of the said injuries. The petitioner maintained that on several occasions he attempted to tell Mr. McElveen, the dispatcher of his employer, but that Mr. McElveen was always too busy and failed to listen to his complaint.
The petitioner continued to work, even in pain, because of financial necessity, and did not report to a doctor until the month of December, 1964, when he was undergoing a routine physical examination, and his doctor discovered that he had a hernia. He continued to work, however, until November 5, 1965, and was operated on for the hernia on November 11, 1965. On January 11, 1966, petitioner was discharged to return to his regular occupation with defendant.
*329 The defendant filed an exception of prescription claiming that although the accident is alleged to have happened on August 24, 1964, this suit was not filed until December 1, 1965, which was more than one year following the alleged accident.
R.S. 23:1209 provides for the prescriptive period of one year for Workmen’s Compensation claims as follows:
“Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
In construing this statute, the Supreme Court, in Mottet v. Libbey-Owens-Ford Glass Company, 220 La. 653, 57 So.2d 218, said:
The Workmen’s Compensation Act was amended by Act 29 of 1934 so as to provide that the prescription or peremption should not commence until the injury had developed. In our opinion this amendment was designed to take care of cases similar to the one herein involved. From the very wording of this amendment, an employee who receives an injury flowing from an accident that later develops into disability is excepted from the general rule and his right of action is not perempted until one year after the injury has developed. In this case the injury did not develop into total disability until March 11, 1947, at which time the plaintiff could no longer pursue his trade as a glass cutter. For us to say that he was disabled to perform the duties of his trade prior to that time would be mere conjecture on our part because he had, in fact, continued to perform the duties of his trade until that date. His suit was filed on August 4, 1947, a short time after he became disabled and within a year from that time. Such being the case the plaintiff’s suit was timely filed and the plea of peremption cannot be maintained.”
In Brewster v. City of Shreveport, La. App., 108 So.2d 801, the Court, in considering the phrase “development of injury” said:
“Analyzing the pronouncements in Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, and Watson v. United States Tobacco Co., La.App., 87 So.2d 205 (writs denied), we concluded that the phrase ‘development of injury’ must be interpreted as meaning the time from which an employee can no longer pursue his trade or occupation.”
The Supreme Court, in Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), said:
“In the case at bar, there is not the slightest doubt that, from a practical aspect, plaintiffs injury did not develop into total disability until October 26, 1953, when the pain in his back became so intense that he could no longer continue his employment. True enough, the law did not require plaintiff to work during those 70 tedious weeks following the accident enduring the pain that he must have continuously experienced and perhaps a man of less fortitude would have immediately stopped working and demanded compensation for total permanent disability. But for us to presently conclude that the injviry developed on the day of the accident would be dealing in conjecture and the commencement of prescription cannot be decided on that basis. What may be a disabling injury to one man may not be to another and the plain purpose of the amendment to the compensation law by Act 29 of 1934 is to provide a reasonable period of limitation in cases like this, where the injured workman continues on at his job and earns his wage, even though he does not perform all of the duties formerly assigned to him. It is to be remem *330 bered that the statute does not countenance an unseasonable delay for filing compensation claims in any case as it provides a peremption of two years from the date of the accident within which all suits must be instituted.
“The court, in Mottet v. Libbey-Owens-Ford Glass Co., supra [220 La. 657, 57 So.2d 219], construed the language of R.S. 23:1209 that ‘the limitation shall not take effect until the expiration of one year from the time the injury develops’, to mean that prescription does not begin to run until the time the workman is unable to substantially perform the duties of his employment. This is a fair interpretation of the statute and in keeping with the beneficent object of its enactment. Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer. In the case at bar, it is obvious that manifestation of plaintiffs incapacity did not occur until October 26, 1953.” (Italics ours.)
As the petitioner continued to do his usual work, although under pain, until November 5, 1965, and as the suit was filed on December 1, 1965, we hold that the Lower Court was correct in refusing to hold that the one year prescriptive period had accrued.
The defendant further alleges that the Lower Court erred in finding that the petitioner was employed by the defendant at the time of the alleged injury. The testimony indicates that at the time of the alleged accident, the petitioner had been driving one of the defendant’s trucks. Defendant claims, however, that this truck was under lease to another firm for whom petitioner was working at the time. The record indicates that the petitioner and his co-worker, Doris Thomas, had each left in a truck to pick up a load of poles at Gulf-port, Mississippi, and that the petitioner had delivered his load to Blytheville, Arkansas, where his alleged injury occurred. He testified that Thomas, on the other hand, after picking up his load of poles at Gulfport, drove them to Memphis, Tennessee, and that, on the return trip home, petitioner and Thomas met along the way and continued to Amite together.
Petitioner was definite in his testimony that he had made the trip on behalf of the defendant and that he had been paid by the defendant in cash for his services on the trip. Mr. Herbert Freiler of Frei-ler Industries, Inc. testified that he had no personal recollection of whether or not the petitioner was on the company’s payroll at the time of the alleged accident. Mr. Doris Thomas testified that he was paid for the trip by Mr. Freiler himself by check.
R.S. 23:1044 provided that:
“A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter.”
Now there is no question but that during this particular trip the petitioner was driving defendant’s truck. Therefore, there is presumption that the petitioner was in the employ of defendant at the time of the accident and the defendant has failed to sustain its burden of proving otherwise. R.S. 23:1044, Stull v. Russo, La.App., 85 So.2d 112. We, therefore, feel that the Lower Court was correct in holding that the petitioner was in the employ of the defendant at the time of the alleged accident.
 The defendant further claims error on the part of the Lower Court in finding that petitioner reported the accident to the defendant. Petitioner claims that on several occasions subsequent to the accident he attempted to report the same to Mr. McElveen, his dispatcher, that at all of these times, however, Mr. McElveen was too busy and did not listen to him. R.S. 23:1291 provides that no proceeding under *331 the Compensation laws shall be maintained unless notice of the injury has been given to the employer within six months after the date of the injury. The Courts of this state, however, have liberally interpreted the provisions of the Compensation laws in favor of the employee and have repeatedly held that the provisions regarding the six-month notice of injury should be construed liberally in favor of the employee unless it is clearly proven that because of the delay of giving notice of the accident, the rights of the employer and insurer have been prejudiced. Cutno v. Neeb Kearney and Company, 237 La. 828, 112 So.2d 628, Dortch v. La. Central Lumber Company, La.App., 30 So.2d 792.
Lastly, the defendant complains that the Lower Court erred in holding that the injury came within the purview of the Workmen’s Compensation Act because there was nothing to show that the petitioner was injured while working for defendant. The testimony of the petitioner himself is to the effect that the injury occurred as alleged. His wife testified that on his return from the trip to Blytheville, Arkansas, he told her of the accident and of the pain which he was sustaining. The Lower Court found that the petitioner sustained an accident as alleged, and, in the absence of obvious error, the jurisprudence of this state is to the effect that the findings of fact by the Lower Court will not be disturbed. Furthermore, the jurisprudence of this state is to the effect that the testimony of the petitioner alone may be sufficient to prove an accident, provided there is nothing to discredit him and provided his statements are supported by the surrounding circumstances. Lindsey v. Hartford Accident and Indemnity Company, La.App., 175 So.2d 831.
As the evidence discloses that the petitioner continued to work following the accident until November 5, 1965, which was one week prior to his actual operation and that he did not return to work until January 11, 1966, the award by the Lower Court for Compensation benefits from November 11, 1965, to and including January 11, 1966, was correct. Although the petitioner claims penalties and attorney fees, we do not feel that same are allowable because the record does not disclose that the failure of the defendant to pay Compensation benefits was arbitrary and capricious, in view of the fact that the petitioner continued in his usual employment until the development of his injury, which was just prior to the operation.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.