BOUTALL, Judge.
This is a suit claiming benefits due under the Workmen’s Compensation Act alleging injuries from an accident on June 1, 1970. The trial court rendered judgment in favor of the plaintiff finding total permanent disability, granting the maximum benefits under the Act together with medical expenses, but not granting penalty and attorney’s fees prayed for as damages under R.S. 23:1201.2 or R.S. 22:6S8. From this judgment the defendants have taken a suspensive appeal, and the plaintiff has perfected a devolutive appeal to that portion of the judgment denying the statutory damages of penalty and attorney’s fees.
The main issue presented by the appeal of the defendants is whether the plaintiff proved, by a preponderance of evidence, that he did sustain an injury on the job. Alternatively, it is contended that if such injury was sustained, it did not result in total and permanent disability.
Plaintiff alleges that he was injured on June 1, 1970, during the scope and course of his employment as terminal manager for Younger Bros., Inc., while changing a flat tire on his company truck. Since plaintiff was alone at that time, there are no witnesses to the accident itself who can be .produced. However, the plaintiff, in addition to his own testimony, produced the testimony of his secretary and one of the mechanics working at the terminal, that he did in fact leave with the truck at the time in question, and returned over an hour later with a flat tire, complained of hurting himself while changing tires. Additionally, they observed him rubbing his right shoulder and arm while complaining of pain and noted that he thereafter only conducted his business intermittently, retiring to his private quarters in the same *526 office structure for rest. (He was furnished a large trailer by the employer, part used as an office and part as living quarters since he was generally expected to' be on the premises day and night.)
Defendants contend further that the plaintiff did not report the accident to his superiors, and insist that plaintiff at all pertinent times only said that he was disabled because of illness and not because of a work related accident. In this connection it is noted that plaintiff testified that on the day after the accident he notified his superior by telephone to the office in Houston, Texas, that he was injured while changing a tire. He further states that he notified his superior several days later that it would be necessary that he be hospitalized and a replacement was sent to take his place. As opposed to this, his superior testified that he received the telephone call (he was not sure exactly when but it was apparently 3 or 4 days after the alleged accident), and spoke again to plaintiff later when word was received of the necessity of a replacement. He disputes that he was ever told that plaintiff’s condition was a result of an accident, and in general he is corroborated by the company’s safety director.
In effect, the defense does not dispute that the plaintiff was not working in the scope and course of his employment at the time of the alleged accident, nor does it offer any evidence to show that the accident did not occur, or that the physical condition of the plaintiff was not known to them within 2 or 3 days. It is based upon the contention that the statements of the plaintiff to defendants’ officials were that his condition was not caused by a work related accident, and that he sought hospitalization under his medical policy rather than Workmen’s Compensation benefits. Although the trial judge did not render any written reasons for his judgment, it is apparent from the record that there is no affirmative, countervailing evidence produced to show that plaintiff was not injured as a result of an accident as he stated, and he must have accepted the testimony of the plaintiff as to the content df his conversations with his superior, over the testimony of the superior to the opposite effect.
All that is required is that the plaintiff bear the burden of proving his compensation case by a preponderance of the evidence. LSA-R.S. 23:1317, Kirkham v. Consolidated Underwriters Insurance Company, 219 So.2d 827 (La.App. 2nd Cir., 1969). In similar situations, that is, where the alleged accident took place in an area without witnesses nearby, it has been held that in conformance with the above mentioned burden of proof, the testimony of the petitioner alone may be sufficient to prove an accident, provided there is nothing to discredit him and provided his statements are supported by the surrounding circumstances. Allen v. Freiler Industries Inc., 246 So.2d 327 (La.App. 1st Cir., 1971) ; Lindsey v. Hartford Accident and Indemnity Company, 175 So.2d 831 (La.App. 3rd Cir., 1965).
While the testimony of the defense witnesses may give rise to a serious question as to the veracity of the plaintiff’s testimony standing alone, it is to be noted that the testimony of plaintiff was corroborated by testimony of his secretary and the mechanic, both of whom were working with plaintiff at the time. There was no attempt to discredit the testimony of these two witnesses, even though defendant was in 'a unique position to investigate this accident. Within ten days, the plaintiff entered the hospital and he was replaced as terminal manager, temporarily by the safety director and then by a permanent replacement, during which time the incident could have been fully investigated and a determination made.
We are being asked by defense counsel to speculate why the plaintiff chose to receive hospitalization under his medical policy (the premiums of which were paid by the company) rather than under Workmen’s Compensation coverage. When we do so *527 speculate, we conclude, not that the accident and injury did not occur, but rather that the benefits that the plaintiff was receiving were such that he thought they would be more advantageous to him. In this respect we note that the plaintiff testified that he did not think his condition was that serious, and he thought that he could make it under his medical policy, which paid roughly some 80% of his expenses, within a maximum limitation. Additionally, he testified, and defendants admit, that when he was in the hospital he was told by his supervisor that the company would take care of him, and the events which followed showed that the company indeed changed the plaintiff’s position, placed him on lighter duty and, in effect, created an easier work condition for him. However, after it became apparent that the expenses were considerable and plaintiff was still suffering pain, he requested assistance of the company under the Workmen’s Compensation Policy, and his employment was terminated soon thereafter.
Considering all of the evidence before us, we can only conclude, as did the trial judge, that this man was injured as a result of an accident while changing the tire on the company truck, and is entitled to receive compensation under the terms of the Workmen’s Compensation Act.
This brings us to a consideration of the injuries suffered. Initially, plaintiff called his family doctor and informed him of the severe pain that he was suffering in his neck, shoulder and arm, received from him some medication and was told to stay in bed and rest. Upon receiving no relief he was shortly referred to Dr. Llewellyn who immediately arranged a room for him in Ochsner Foundation Hospital for examination. The examination indicated that he suffered a ruptured disc with nerve root involvement in the space between cervical vertebrae numbers 4 and 5. It might be noted at this time that he had had difficulty in the adjoining vertebral space in 1962 and had a successful fusion operation and recovery therefrom with no after effects. In any event he was operated upon in this new area and a fusion of the vertebrae was effected. He spent some 20 days in the hosptial and after his discharge was notified that he would continue to suffer pain in that area and that he should only engage in light work of a nature which would cause him to change positions from time to time to lessen the pain. Because his position as terminal manager in Harvey, Louisiana, was then filled, he was moved to the Houston Office where he worked as assistant to the Superintendent there doing light work of a clerical nature, etc. He was not seen by Dr. Llewellyn during this period because of his remoteness, but he was seen again by Dr. Llewellyn when he returned to the New Orleans area in an effort to determine whether or not he was capable of resuming a full time strenuous occupation, such as he had previously done. At this time Dr. Llewellyn reexamined him and found that he still could not engage upon strenuous duties and he could not engage in an occupation which called for much lifting, climbing, stooping, and áctivities of this nature. He relates that since the time he was discharged by the defendants he worked for a short time as a nightwatchman and has been unemployed for the most part.
As opposed to this evidence, the defendants have offered no proof whatsoever, neither medical nor lay witnesses to dispute the testimony of Dr. Llewellyn or of the plaintiff. Frankly, it appears to us that the point raised in this fashion is a rather frivolous one. We concur with the trial judge and are of the opinion that the evidence at the time of trial shows that this man could not undertake the same position that he occupied at the time of his injuries, or any job substantially similar thereto. Hills v. Travelers Insurance Co., 250 So.2d 551 (La.App. 1st Cir., 1971); Johnston v. Arthur G. McKee and Company, 230 So.2d 118 (La.App. 1st Cir., 1969).
*528 Now turning to the question posed by the plaintiff’s appeal, we consider whether the statutory penalty and attorney’s fees should be imposed upon the defendants for not granting the benefits of the act to plaintiff. We note that there never was a written report made of the accident and furnished to the defendants, and while there is some conflict between the parties as to what plaintiff told his Houston Supervisor over the telephone, it does appear that the plaintiff initially elected to proceed under the benefits of his medical insurance policy rather than his Workmen’s Compensation benefits. There is no showing of bad faith or attempt to deceive on the part of the defendants who kept plaintiff working on light duty for a number of months, nor does it appear that the defendants acted arbitrarily. The trial •judge denied the statutory penalties and we see no reason to disturb his findings.
For the reasons above stated, the judgment appealed from is affirmed; all costs to be paid by the defendants-appellants.
Affirmed.