CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This is a suit for workmen’s compensation benefits. The petitioner is Peter Davis, Sr. and defendant is Bankers Union Life Insurance Company. The lower court awarded a judgment in favor of petitioner and against defendant in the sum of $45.00 per week for 100 weeks and medical expenses totalling $825.00 plus interest and costs. From this judgment both the defendant and the plaintiff have appealed to this court, seeking respectively, dismissal of plaintiff’s suit and an award of additional workmen’s compensation benefits.
Plaintiff, working as a maintenance man at defendant’s apartment buildings, claims to have suffered an accident during the course and scope of his employment on May 18, or 19 of 1970. Plaintiff testified that he fell backwards off a ladder while replacing or repairing a light switch, in doing so striking his back or neck on a metal railing and ultimately landing on his back and neck on the ground.
Plaintiff stated that he could not work for the rest of the day but did not report the incident to the apartment manager, William Wynn, until the following day. *693 At that time plaintiff requested Wynn to refer him to the company doctor and was told that the company had none.
Plaintiff claims that the lower court erred in not finding that he had received injuries rendering him permanently and totally disabled. Defendants attach error to the lower court’s finding that plaintiff sustained a work-related accident and, in the alternative, claim that plaintiff has failed to prove by a preponderance of the evidence that he was disabled by the alleged accident.
After a review of the trial record, we find that the trial judge correctly decided all issues of the case.
The only eyewitness to the alleged accident was a guest at one of the apartments who assisted plaintiff after his fall. The plaintiff was unable to locate him to testify at trial. The defendant was similarly unable to locate its former apartment manager, Mr. Wynn, to testify as to the plaintiff’s request to see a company doctor. The plaintiff, therefore, is the only witness to his own accident. We find that the plaintiff’s own testimony, supported by the medical findings of the first physician to examine him, is sufficient proof of the occurrence of the accident.
In Allen v. Freiler Industries, Inc., 246 So.2d 327 (1971), this court stated:
“Furthermore, the jurisprudence of this state is to the effect that the testimony of the petitioner alone may be sufficient to prove an accident, provided there is nothing to discredit him and provided his statements are supported by the surrounding circumstances. Lindsey v. Hartford Accident and Indemnity Company, La.App., 175 So.2d 831.”
We further agree with the lower court’s finding that plaintiff was not totally and permanently disabled.
The record contains the testimony of five physicians who examined and treated the plaintiff. The main treating physician first saw the plaintiff on .May 20, 1970, the day after the accident, and saw him a total of 37 times from that date until March 22, 1973. He determined that plaintiff sustained a neck injury involving the periarti-cular, capsular, ligamentous and musculo-facial structures of the cervical vertebrae and a low back injury involving ligamen-tous and musculo-facial structures of the lumbo-sacral region and lumbar interverte-bral disc involvement. Upon his last examination of plaintiff in March of 1973, the physician determined that the injury to the neck area had improved but the condition in the low back area was essentially the same as when he first saw him.
Plaintiff also exhibited roto-scoliosis and some hypertrophic lipping in the lumbar spine but the physician determined that these conditions were unrelated to the accident and had not been aggravated by it. He further testified that he would not recommend that plaintiff do any unduly exerting and demanding physical activity.
Another physician who saw the plaintiff three times between December 1970 and March 1973 determined that the plaintiff had chronic ruptured intervertebral discs in both the cervical and lumbar spine areas. He further testified that these ruptured discs had been present for years before the accident and that the plaintiff could return to light work and increase to heavier work.
While differing on the question of whether or not plaintiff could return to work, two other physicians testified that plaintiff’s condition was the result of advanced degenerative changes in the lumbar spine unrelated to the accident.
Wide discretion is accorded the trial court in assessing the importance and accuracy of the testimony of the witnesses. The trial court heard and weighed the testimony and evidence introduced and determined that plaintiff suffered a work-related injury entitling him to compensation for 100 weeks and medical expenses of $825.00. That determination will not be disturbed absent a showing that the court committed *694 manifest error. After a review of the record, we have found evidence therein supporting the trial court’s conclusion.
For the foregoing reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of the appeal to be paid by defendant.
Affirmed.