LABORDE, Judge.
Plaintiff, Virginia Holmes, filed this workmen’s compensation claim against her employer, Central Louisiana State Hospital, defendant, seeking compensation benefits and medical expenses following an alleged work related accident. The trial court held that plaintiff’s accident occurred within the course and scope of her employment and attributed her injury to a specific incident involving a struggle with a mentally ill patient. Plaintiff suffered a hernia in the course of the altercation and as a result was found to be totally and permanently disabled. Defendant appeals this decision by raising eight assignments of error which present the following issues for our determination:
1) Whether the plaintiff sustained an accident within the course and scope of her employment for which her current medical problems are attributable, and;
*1307 2) Whether this suit was prematurely filed since plaintiff failed to properly give notice of her injury to defendant in conformity with the notice requirements of LSA-R.S. 23:1291, et seq.
The trial court, in a well reasoned opinion, resolved each of these issues in favor of the plaintiff. We affirm.

Facts

Virginia Holmes, an employee of Central Louisiana State Hospital, had an altercation resulting in a physical struggle with a patient at some time between January, 1981 and February 27, 1981. She continued to work for as long as possible, but was forced to terminate her employment in order to undergo a hernia operation in April of 1981. Since that operation, she returned numerous times for further surgery to remove foreign material and obstructions related to the hernia operation, all of which are allegedly related to her altercation or accident at work.

Issue #1

Defendant claims, that in light of the evidence presented, the trial court erroneously held that the plaintiff carried her burden of proof showing that the accident and related injuries were sustained within the course and scope of her employment. We disagree.
The law imposes upon the plaintiff in compensation cases, as in other civil cases, the burden of proving the causal link between the employment and the injury by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). This causal link is established when the evidence presented satisfactorily leads a reasonable trier of fact to conclude, that more likely than not, the accident or injury from which the plaintiff suffers occurred and arose within the course and scope of plaintiff’s employment.
In conformity with these established standards, the trial judge, in this instance, stated in his written reasons:
“While the question of cause and effect is again not a certain one, the Court is left with an abiding conclusion that the incident involving the struggle with the patient more probable than not resulted in the hernia problem which has seriously affected the plaintiff” (Emphasis Added)
We acknowledge and admire defendant’s basis for appeal; that no one should be condemned to pay a debt which has not been proven by sufficient evidence. However, that is not the case in this instance. The record establishes that plaintiff’s hernia occurred and arose in the course and scope of her employment and that the injury rendered her totally and permanently disabled.
The standards of review set forth in Canter v. Koehring Co., 283 So.2d 716 (La.1973), require that we give great weight to the trial court’s factual conclusions and should not disturb its findings in the absence of manifest error. This test applys to worker’s compensation cases as well. Butts v. Insurance Company of North America, 352 So.2d 745 (3rd Cir.1977), cert. denied, 354 So.2d 206 (La.1978).
We refuse to substitute our factual findings and conclusions for those of the trial court in the absence of clear error. Copeland v. Louisiana Dept. of Transportation and Development, 428 So.2d 1251 (La.App. 3rd Cir.1983). Accordingly, we agree with the trial court’s holding that plaintiff sustained a work related accident leaving her totally and permanently disabled under the Workmen’s Compensation Laws of Louisiana. LSA-R.S. 23:1021, et seq.

Issue # 2

In the course of the proceedings, defendant filed exceptions of prematurity and of no right of action, on the basis that no proceeding for workmen’s compensation should be maintained unless notice of the injury had been given to the employer as required by LSA-R.S. 23:1291.[1] Defendant contends that no notice of the alleged injury was received until such was served with *1308 this lawsuit. We disagree. The evidence supports the trial court’s conclusion that the employer received sufficient notice to determine the existence and extent of plaintiffs claim, notwithstanding the fact that such notice was not in accordance with the provisions of LSA-R.S. 23:1291, et seq. The record indicates that the occurrence of the incident was well-known to plaintiffs fellow workers and to all of her supervisors. The provisions regarding notice of injury should be construed liberally in favor of the employee unless the rights of the employer are prejudiced by the nonconformity. Allen v. Freiler Industries, Inc. 246 So.2d 327 (La.App. 1st Cir.1971).
Therefore, we hold that the trial court properly ruled on the exceptions, finding that defendant had adequate notice of plaintiffs injury.
Having resolved the above issues in favor of the plaintiff, we hold that further review of defendant’s additional assignments of error is unwarranted.
Por the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. LSA-R.S. 23:1291. “Notice as prerequisite to institution of proceedings. No proceeding un *1308 der this Chapter for compensation shall be maintained unless notice of the injury has been given to the employer within six months after the date of the injury or death. This notice may be given or made by any person claiming to be entitled to compensation, or by any one in his behalf.”