YELVERTON, Judge.
This is a workers’ compensation case which raises the questions of whether an employee suffered a work related injury and if so, whether he gave his employer proper notice. Malcolm Bolton filed a claim "with the Office of Workers’ Compensation on April 3, 1992, against Angelle Concrete, Inc. A hearing was held on December 14, 1992. The hearing officer found that Bolton had suffered a work related injury and that Angelle had knowledge of the occurrence of the accident. Angelle has appealed. We affirm.

FACTS

Bolton worked for Angelle as a cement truck driver. On April 19, 1991, Bolton went back to the plant to get another load. A leaking faucet had caused algae to form on the ramp. Bolton claims he stepped in the algae and fell. At this time, Bolton did not seek medical treatment and continued to work.
In August, Bolton was off work for a few days with a hip problem. He returned to work on August 22 and Angelle told him he needed a medical release to return to work. Bolton then made an appointment with Dr. John Digiglia, a family physician. On the same day that Bolton attended his doctor’s appointment, he was terminated from employment because of two garnishments against his wages.
Bolton still saw Dr. Digiglia as scheduled on August 26,1991. He related to Dr. Digig-lia a history of a previous disk injury in 1987. He told the doctor that he had had surgery at the L5-S1 level, but was later released to work on full duty.
Dr. Digiglia’s medical records show that eight weeks prior to his office visit, Bolton had been changing a tire at work and had experienced pain in his left hip down to his left calf, and that this pain had continued since that time. X-rays revealed the earlier surgery at the L5-S1 level and also revealed some mild bulging at the L4-5 level. Dr. Digiglia found he had a lumbar strain and wanted to rule out disk herniation. He thought it might be a possible reinjury from his previous surgery.
Bolton returned to the Alexandria Ortho-paedic Clinic where he had had his 1987 *112 surgery. He told Dr. Foster, the doctor who had performed the surgery, that he was working on a cement truck when he slipped on the ramp and landed directly on his back. Upon examination, the doctor found he had decreased sensation over his whole left leg, some of which would be related to the previous injury.
After hearing testimony from Bolton, his wife, and coworkers, the hearing officer found Bolton to be credible and found that Bolton had suffered an accident due to a fall on algae. The- hearing officer further found that a causal relationship existed between the accident and his disability.
Angelle claims the hearing officer erred in finding Bolton suffered a work related accident, in finding his injuries were causally related to a work accident, and in finding that he gave timely notice to Angelle.

WORK RELATED ACCIDENT

As a threshold requirement, a worker in a compensation action must establish “personal injury by accident arising out of and in the course of his employment.” La.R.S. 23:1031. The applicable statutory definition of “accident” is an “unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1).
Despite the liberal construction of the statute afforded the worker in a compensation action, the worker’s burden of proof is not relaxed. Rather, as in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work related accident by a preponderance of the evidence. A worker’s testimony alone may be sufficient to discharge his burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La. 1992).
The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno, 593 So.2d at 361.
The findings of fact by hearing officers in workers’ compensation eases are entitled to the same standard of review as that applied to decisions of the trial court. Guillory v. City of Lake Charles, 614 So.2d 165 (La.App. 3d Cir.), writ denied, 616 So.2d 700 (La.1993).
The hearing officer found Bolton’s testimony was credible as it was supported by the testimony of Wallace Benoit and Weldon Breaux, co-employees. Benoit testified that Bolton told him on the day of the accident that he had fallen, and that he saw a knot on Bolton’s head. Benoit also verified that there was an algae spot on the ramp.
Breaux stated that Mike Demarest told him that Bolton had slipped on something. (Demarest denied knowing anything about the accident.) Breaux noticed an algae spot on the ramp.
Bolton’s wife also confirmed that when Bolton got home that evening, he told her he had fallen on some algae and hurt himself.
Bolton saw a doctor in June for cement burns, and ointment was applied. He made no mention of a back injury to this doctor. Angelle claims that had Bolton been suffering from a back injury due to an accident in April, he would have said something to this doctor. Bolton stated that he did not tell the doctor in June about his back problems because he was not there for treatment of his back.
After a review of this evidence, we cannot say that the hearing officer was clearly wrong in his finding that Bolton proved by a preponderance of the evidence that he suffered a work related accident. Two eowork-ers and his wife corroborated Bolton’s story that he slipped and fell on some algae while *113 at work. The fact that he did not tell the doctor in June about the injuries does not cast serious doubt on his testimony because at that time he was more concerned about the burns. Bolton discharged his burden of proving a work related accident under the Bruno standards.

CAUSAL RELATION OF INJURY TO ACCIDENT

Angelle also claims that the hearing officer erred in finding that Bolton’s back injury was related to the April accident. An-gelle points out that Dr. Digiglia’s records indicate that Bolton’s back injury was related to a June incident of changing a tire and not the April fall on algae. It contends there is no medical evidence to relate his back injury to the April accident.
We first note that Bolton’s explanation of the tire change on his cement truck was by way of an example of a manifestation of pain caused by the earlier injury. Bolton claims changing the tire aggravated his back condition from the April fall. At the time, Bolton and his wife may not have felt it important to relate to Dr. Digiglia the accident in April. It is also possible that Dr. Digiglia did not feel it necessary to relate the whole chain of events, but only the aggravating circumstance of the tire change. Also, Dr. Foster’s medical reports indicate that Bolton slipped on a ramp and landed on his back which was consistent with the April accident. Dr. Foster’s report indicates he had continued to work but progressively his back pain got worse.
Bolton’s coworkers and his wife also supported his claim that his back hurt after the accident in April. A couple of days after the-accident, Bolton complained to Breaux that he was having pain. A week after the accident, Bolton told Benoit that his back was starting to bother him. Bolton’s wife testified that he had a headache and his back hurt the day of the accident when he got home.
Bolton proved that he suffered a work related accident in April. The evidence also shows that he had objective symptoms of a back injury. He testified that when he was changing a tire, he aggravated his injury. Under these facts, there is no clear error in the hearing officer’s finding that Bolton’s injuries were related to the April accident and later aggravated when he changed the tire.

NOTICE

Angelle Concrete contends that Bolton did not give it timely notice of his injury. La.R.S. 23:1301 requires an employee to give notice of an injury to his employer 30 days after the injury (within 30 days of the injury). Also, Angelle claims it was prejudiced because if it had received notice, it could have initiated immediate medical treatment and ascertained the extent of the injuries suffered.
Bolton claims he notified Danny LaFleur, the dispatcher for Angelle, of his accident. Bolton contends that after the fall he went to LaFleur’s office, that he found LaFleur looking out the window, and that he asked La-Fleur if he had seen his acrobatic fall. La-Fleur denied that Bolton ever made such a statement to him, or that Bolton even reported the fall. However, LaFleur said he would have made a workers’ compensation report only if Bolton had been injured, and Bolton admitted he did not tell LaFleur he had been injured. Angelle contends that this is not notice of the “injury” as required by La.R.S. 23:1301.
In Holmes v. Central Louisiana State Hosp., 442 So.2d 1305 (La.App. 3d Cir.1983), this court found that since the occurrence of the incident was well known to plaintiffs fellow workers and to all her supervisors, the employer had notice of plaintiffs injury. The court further pointed out that the provisions regarding notice of injury should be construed liberally in favor of the employee unless the rights of the employer are prejudiced.
The hearing officer made a credibility determination that Bolton did tell LaFleur that he had fallen. It is quite possible that La-Fleur did not remember that Bolton had told him he had fallen since he would not have filled out a report thinking LaFleur was not injured. Benoit testified that Bolton told *114 him that he had mentioned his fall to La-Fleur.
Deferring to the credibility determination by the hearing officer, which is also supported by a co-worker’s testimony, we find that the record supports that Bolton’s fall was known to a supervisor and his co-employees. In this ease, notice of Bolton’s fall was sufficient to put Angelle on notice that Bolton might experience problems, especially since Angelle was aware that Bolton had previous back problems and surgery when it hired him.
Even if Bolton was found not to have given notice of his injury to Angelle, La.R.S. 23:1305 states that lack of notice of the injury will not be a bar to the proceedings if it is shown the employer, or his agent or representative, had notice of the “accident” or the employer was not prejudiced by the lack of notice. Angelle definitely had notice of the accident through its agent, LaFleur, so Bolton is not barred from bringing a workers’ compensation action.
Additionally, we find that Angelle was not prejudiced in this case had no notice been given. The remote possibility that the employer might have given the employee better medical treatment or that an earlier investigation might have been of more benefit to the employer is insufficient to establish such material prejudice to an employer as would bar a workers’ compensation suit on the ground of failure to give timely notice of injury. Cutno v. Neeb Kearney & Company, 237 La. 828, 112 So.2d 628 (1959).
For these reasons, the judgment of the Office of Workers’ Compensation Administration is affirmed. Costs of this appeal are assessed to defendanVappellee, Angelle Concrete, Inc.
AFFIRMED.