liAMY, Judge,
concurring.
While it is true that the courts have consistently placed the burden on the employer to prove that it was prejudiced by the employee’s failure to provide timely notice of the work-related injury, I see no basis in the statute for doing so. As I read La.R.S. 23:1305, the burden is on the employee to prove that “the employer, or his agent or representative, had knowledge of the accident or that the employer has not been prejudiced by such delay or lack of notice.” If the employee is not able to prove one of the above, La.R.S. 23:1301 would bar any proceeding brought on a claim for which the employer was not notified “within thirty days after the date of the injury.... ”
Nevertheless, I recognize that, at this time, the jurisprudence steadily requires that the employer has the burden concerning the presence of prejudice, rather than the employee having to prove the absence of prejudice. Cutno v. Neeb Kearney & Co., Inc., 237 La. 828, 112 So.2d 628 (1959)(Cutno interprets the former La.R.S. 23:1295 which is substantively the same as the provision presently embodied in La.R.S. 23:1305).[1]
[2In my view, which party must bear this burden of proof is critical in the instant matter and the determination of whether to affirm or reverse turns squarely on that issue. The supreme court’s previous application in this regard and the long history of prior jurisprudence appear to constrain us to place the burden upon the employer.
*1133 Therefore, I concur in the result reached by the majority.

. See also Jackson v. Savant Ins. Co., 96-1424 (La.App. 1 Cir. 5/9/97); 694 So.2d 1178; Holcomb v. Bossier City Police Dep't, 27,095 (La.App. 2 Cir. 8/25/95); 660 So.2d 199; Bolton v. Angelle Concrete, 93-667 (La.App. 3 Cir. 2/2/94); 631 So.2d 110; Batchelor v. Firestone Synthetic Rubber & Latex Co., 309 So.2d 877 (La.App. 3 Cir.), writ denied, 313 So.2d 834 (La.1975); Rimbolt v. City of New Orleans, 150 So.2d 871 (La.App. 4 Cir.), writ denied, 244 La. 473, 152 So.2d 564 (1963); Moore v. Bridges & Bell, 115 So.2d 390 (La.App. 2 Cir.1959).